UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re: Erie Covid-19 Business Interruption Protection Ins. Litig.* | No. 1:21-mc-00001<br>The Honorable Mark R. Hornak |

Related To: ALL ACTIONS

**MEMORANDUM OF LAW IN SUPPORT OF THE APPLICATION FOR
APPOINTMENT OF FEDERAL-STATE LIAISON COUNSEL
PURSUANT TO FED. R. CIV. P. 23(g)**

Pursuant to this Court's Order of February 1, 2021 [Dkt. 16], and Fed. R. Civ. P. 23(g), Policyholder-Plaintiffs respectfully move this Court to Appoint John P. "Jack" Goodrich of Jack Goodrich & Associates, P.C as Plaintiffs' Interim Federal-State Liaison Counsel.

**I.      INTRODUCTION AND BACKGROUND**

As this Court is aware, there is an active docket in state court in Allegheny County involving Erie's denial of business interruption insurance claims, and, thus, will involve many of the same factual and legal issues as in this MDL. Jack Goodrich & Associates, P.C., along with other counsel (the "Goodrich Group"),[1] filed the first case in the County against Erie related to the denial of business interruption insurance sustained during the COVID-19 pandemic. That case was filed on April 17, 2020 in Allegheny County Common Pleas Court, styled as *Tambellini Inc. d/b/a Joseph Tambellini Restaurant v. Erie Insurance Exchange (*Allegheny County CCP GD-20-5137).[2] Subsequent to this filing, approximately three dozen additional cases were filed in

---

[1] The Goodrich Group includes the following firms: Haggerty, Goldberg, Schleifer & Kupersmith, P.C.; Schmidt Kramer, P.C.; Shub Law Firm LLC; and Boni, Zack & Snyder LLC. The Group recently filed in the Western District of Pennsylvania, captioned *Saturno, LLC d/b/a Modern Male Barber Shop v. Erie Insurance Exchange*, No. 1:05-mc-02025.

[2] The Goodrich Group has been examining insurance coverage issues since the beginning of the pandemic and has retained Allan D. Windt, one of the Country's leading experts on insurance coverage issues. Mr. Windt is the author of the seminal treatise, *Insurance Claims and Disputes: Representation of Insurance Companies and Insured*.

Common Pleas Courts in Pittsburgh and in other Counties, including by other Counsel in this MDL (the "State Cases").

The Goodrich Group has aggressively been pursuing the *Tambellini* case. On April 29, 2020, The Goodrich Group filed an Emergency Application in the Pennsylvania Supreme Court in *Tambellini* asking the court to exercise its King's Bench Jurisdiction to assume extraordinary jurisdiction over Plaintiff Tambellini's claims. The Supreme Court declined to exercise jurisdiction in an order dated May 14, 2020. (Exhibit A to the Declaration of John P. Goodrich).

The Goodrich Group has been moving these matters through the Court system as expeditiously as possible due to the ongoing, severe economic burden on its clients. After moving *Tambellini* to the Allegheny County Court's Commerce and Complex Litigation Center, the Goodrich Group, in cooperation with counsel handling cases against Erie in Philadelphia County, filed a Motion to Coordinate the roughly three dozen state cases.[3] The Motion was filed on June 24, 2020. Oral argument on the Motion to Coordinate was conducted on July 22, 2020. The *Tambellini* Court issued an order granting the Motion on July 23, 2020. (Ward, J.) (Exhibit C to the Declaration of John P. Goodrich). Erie appealed the Coordination Order, and the matter is fully briefed and pending before the Pennsylvania Superior Court.

In their continuing effort to move these cases forward, the Goodrich Group requested a stay of the Coordination Order while the aforementioned appeal is pending. This stay was granted on October 2, 2020. (Exhibit D to the Declaration of John P. Goodrich). The Goodrich Group also filed a partial motion for summary judgment in another state case in *MacMiles, LLC d/b/a Grant*

---

[3] As of December 2020, Erie reported to Judge Ward that there were 36 state cases that would be subject to the Coordination Order issued by Judge Ward. *See* Letter and Attachment Listing Cases Dated December 11, 2020 from Erie Counsel to Kyle Barber, Judicial Law Clerk to Judge Ward. (Exhibit B to the Declaration of John P. Goodrich)

*Street Tavern v. Erie Insurance Exchange* (Allegheny CCP GD-20-7753, December 22, 2020). Judge Ward has thus far declined to hear arguments on that Motion pending the outcome of Erie's appeal of the Coordination Order. Plaintiff's counsel filed a Motion to Clarify the Superior Court's October 2 Stay Order on January 27, 2020 and anticipates a decision soon.

Along with the Goodrich Group's case, there are approximately twenty-six (26) cases that have been transferred into this MDL. [Dkt. 16 at 1]. The Goodrich Group supports the Iverson/Golomb Group's application for lead counsel and for liaison for coverage issues, and is pleased to report that the Iverson/Golomb Team supports the Goodrich Group's instant motion to be appointed federal-state liaison.

## II.  APPPOINTING A FEDERAL-STATE LIASION WILL BENEFIT THE LITIGATION

The foregoing discussion illustrates that there will be a need for coordination of the MDL with the dozens of Erie state cases in Pennsylvania. The Manual for Complex Litigation expressly endorses the appointment of a federal-state liaison and such appointments are routine where, as here, there are similar issues against the same defendant in both federal and state courts thus making coordination of the actions necessary for judicial expediency and efficiency. *See Manual For Complex Litigation* §§10.22; 20.311 (4th ed. 2014). "The need to coordinate is especially acute where overlapping or multiple identical class actions are filed in more than one [federal and state] court." *Id*. at §20.311. Moreover, the Manual recommends that, "[f]ederal judges should communicate personally with state court judges who have a significant number of cases in order to discuss mutual concerns and suggestions, such as designating a liaison attorney and judge to communicate with federal counterparts." *Id*. at §20.312. Additionally, the Manual advises, "[h]aving some overlapping membership among counsel in state and federal cases facilitates

3

cooperation by establishing channels of communication." *Id*. As the Goodrich Group is vying for a leadership position in the Erie state cases, it is logical for Mr. Goodrich to be appointed here.

Similar to the role that the federal-state liaison has played in other MDLs, the Goodrich Group believes that here Mr. Goodrich, and his Group, can be charged with, among other tasks:

> (a) Identifying all state court actions, including state actions in states other than Pennsylvania, and maintain an ongoing current list;
> (b) Identifying all state court actions that have been removed to federal court, and list for the Court the plaintiffs in each action, plaintiff's counsel, jurisdiction the action was filed in, and the presiding judge, as well as maintaining a comprehensive and updated list of all removed state court actions;
> (c) Coordinating discovery with the state court actions, thus avoiding unnecessary duplication of discovery efforts between this MDL and any state court actions;
> (d) Advising the state court actions of the MDL proceedings, including communicating with plaintiffs' counsel regarding any motions or hearings before this Court, results of the discovery efforts, the general status of the MDL, and any other relevant issues or information brought before the MDL Court;
> (e) Communicating with the state actions, including serving as the communicative link between the MDL and the counsel in the state court actions or counsel of any cases removed to federal court from state court; and;
> (f) Communicating with the MDL Plaintiffs' Leadership Committee regarding the status of state actions.

### III. THE GOODRICH GROUP HAS BEEN IN THE FOREFRONT OF COVID-19 LITIGATION AGAINST ERIE

As mentioned in the introduction, Mr. Goodrich and his Group filed the first cases against Erie. The Goodrich Group has extensive experience litigating Covid-19 business interruption cases in Pennsylvania and has a unique understanding of the issues that will dominate the litigation.[4] Moreover, Mr. Goodrich has successfully prosecuted product liability cases, Dram Shop actions, and complex insurance coverage disputes. For over 25 years, Mr. Goodrich has provided

---

[4] A copy of Mr. Goodrich's CV is attached to his Declaration as Exhibit E.

educational seminar materials, and regularly presents the Civil Litigation Update at the annual Pennsylvania Bar Association conference. Nationally, he is a member of the National Trial Lawyer's Top 100 Trial Lawyers. In 2008, "Irish Voice Magazine" recognized Mr. Goodrich as a Top 100 American Irish Lawyer. He has also been recognized by the "Irish Echo" as one of the top Irish lawyers in the country. His legal savvy has ranked him a member of the Multi-Million Dollar Advocate Forum. Martindale Hubbell has provided Mr. Goodrich with its highest possible rating for legal ability and ethical standards, an honor only 8% of all lawyers in the United States receive.

In Pennsylvania, Mr. Goodrich, has been a member of the Board of Governors for PAJ (former Pennsylvania Trial Lawyers Association) since 1993. He is a past Board of Governors Member of the Pennsylvania Bar Association and is currently an active member and a former member of the LawPAC board. Mr. Goodrich has been selected to Pennsylvania Super Lawyers since 2006. On occasion, he has provided testimony on pending legislation before the Pennsylvania State Senate. For six years, he was an appointed Hearing Officer for the Disciplinary Board of the Supreme Court of Pennsylvania. Mr. Goodrich was appointed to serve on the Disciplinary Board of the Supreme Court of Pennsylvania in 2016 and reappointed in 2019. He currently serves as the Disciplinary Board's Chair of the Personnel and Finance Committee.

In conclusion, Mr. Goodrich is well qualified to serve in this important role as Federal-State Liaison Counsel. Accordingly, Policyholder-Plaintiffs respectfully move this Court to Appoint Jack Goodrich of Jack Goodrich and Associates, P.C as Plaintiffs' Interim Federal-State Liaison Counsel.

Dated: February 16th, 2021                    Respectfully submitted,

                                        JACK GOODRICH & ASSOCIATES, P.C.
                                        BY:  _/s/ John P. Goodrich_____
JOHN P. GOODRICH, Esquire
PA Attorney I.D. # 49648
Lauren R. Nichols, Esquire
PA Attorney I.D. #313520
429 Fourth Avenue, Suite 900
Pittsburgh, PA 15219
412-261-4663


HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. #30003
1835 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 350-6600

SCHMIDT KRAMER, P.C.
SCOTT B. COOPER, Esquire
PA Attorney I.D. #70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300

SHUB LAW FIRM LLC
JONATHAN SHUB, Esquire
PA Attorney I.D. #53965
Kevin Laukaitis, Esquire
P.A. Attorney I.D. #321670
134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033
(856) 772-7200

BONI, ZACK & SNYDER LLC
MICHAEL J. BONI, Esquire
PA Attorney I.D.# 52983
Joshua D. Snyder, Esquire
PA Attorney I.D. # 88657
John E. Sindoni, Esquire
PA Attorney I.D. # 91729
15 St. Asaphs Rd.

6

Bala Cynwyd, PA 19004
610-822-0200

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of February, 2021, I caused a true and correct copy of the foregoing to be served via ECF upon all counsel of record.

                                              */s/ John P. Goodrich*
                                              John P. Goodrich, Esquire